UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CADENCE BANK,** § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| V. § | Civil Action No.: 4:24-cv-01266 | |
| § | | |
| **TRITGEN, LLC and INDEPENDENT** § | | |
| **TEXAS RECYCLERS, LLC,** § | | |
| § | | |
| *Defendants.* § | | |

**PLAINTIFF CADENCE BANK'S UNOPPOSED MOTION FOR APPOINTMENT
OF RECEIVER, INJUNCTIVE RELIEF, AND TO SET BOND**

Plaintiff Cadence Bank (the "***Lender***") files this *Motion for Appointment of Receiver, Injunctive Relief, and to Set Bond* (the "***Receiver Motion***") pursuant to Rule 66 of the Federal Rules of Civil Procedure (the "***Rules***") and under the inherent equitable powers of this Court, seeking the appointment of a receiver to take possession and control of the Collateral (as defined below). In support of this motion, the Lender relies on the *Verified Original Complaint* (the "***Complaint***") and *Brief in Support of Plaintiff Cadence Bank's Unopposed Motion for Appointment of Receiver* (the "***Brief***")[1] and, respectfully states as follows:

**BACKGROUND**

1. Lender has made a term loan and revolving line of credit (collectively, the "***Loans***") to TRITgen, LLC ("***TRIT***") and Independent Texas Recyclers, LLC ("***ITR***"; collectively with TRIT, the "***Borrowers***").

---

[1] All capitalized terms used and not otherwise defined herein shall have the meaning attributable to them in the Brief.

2. ITR owns a recycling business that recycles plastics, cardboard, aluminum cans and glass, with locations at 6810 Irvington Blvd., Houston, Texas 77022; 4711 Gasmer Drive, Houston, Texas 77035; and 5200 Jensen Drive, Houston, Texas, 77025 (collectively, the "***Facilities***").

3. The Loans are secured by a security interest in all personal property of the Borrowers, including without limitation, all personal property at the Facilities, all accounts and accounts receivable, general intangibles, inventory, goods, equipment, intellectual property, investment property, commercial tort claims and deposit accounts (collectively, the "***Collateral***").

4. Events of Default have occurred and are continuing under the Loan Documents including, without limitation, the following:

    a. Borrowers have repeatedly failed to make monthly payments on the Loans;

    b. Borrowers have made and received loans to/from affiliates in violation of the Loan Documents;

    c. Borrowers have failed to maintain the required financial covenants under the Loan Documents; and

    d. Borrowers have failed to make the required payments under the Forbearance Agreement.

5. As demonstrated by, among other things, the various payment defaults and the Borrower's own admissions, the Borrowers are unable to pay their debts as they become due.

6. If the Borrowers are forced to closed operations of the Facilities, the Borrowers' business will suffer irreparable harm, and the Borrowers will lose all of their remaining value as a going concern and the ability to preserve any of the remaining value of the Collateral.

7. The Collateral is being subjected to and in danger of waste, loss, dissipation and impairment, unless a receiver is immediately appointed and unless that receiver is allowed, among other things, to assume control of the Facilities and to take possession of the Collateral.

## RELIEF REQUESTED

8. The Lender requests entry of the proposed *Agreed Order Appointing Receiver* (the "*Receivership Order*") attached hereto as **Exhibit 1** appointing Alan Weiner of Focus Management Group ("*Mr. Weiner*") as receiver to, among other things, administer and control the Facilities and the Collateral, enjoining the parties and any person or entity with notice of the receivership from interfering with the receiver's administration and control of the Facilities and the Collateral absent further order of this Court, and setting the amount of the receiver's surety bond at $5,000.00.

## GROUNDS FOR RELIEF

9. First, the Borrowers have consented to the appointment of a receiver and consented to the entry of the Receivership Order attached hereto as **Exhibit 1.**

10. Second, under federal common law, the appointment of a receiver is justified where: (1) there is clear necessity to protect a party's interest in property, (2) legal and less drastic equitable remedies are inadequate, and (3) the benefits of receivership outweigh the burdens on the affected parties. *Netsphere, Inc. v. Baron*, 703 F.3d 296, 306 (5th Cir. 2012).

11. As set forth more fully in the Brief, each of the above elements under federal common law is met.

    a. Given the Borrowers' financial condition, there is imminent danger of the Collateral being diminished.

    b. Because the Collateral is the only source of repayment for the Loans, other legal remedies are inadequate.

    c. The proposed receiver, Mr. Weiner, is a turnaround professional experienced in advising and restructuring businesses and serving as a receiver, and his firm has experience in the recycling industry. As an experienced turnaround professional, the proposed receiver is well-positioned to improve the performance of the Facilities, and, therefore, the value of the Collateral. Additionally, as a federal receiver, Mr. Weiner will have the ability, subject to this Court's approval and orders, to market the Collateral for

sale as part of a going concern sale of the Facilities and to conduct a receiver sale thereof pursuant to 28 U.S.C. § 2004 and § 2001, free and clear of liens, claims and encumbrances, to maximize the value of the Collateral for the benefit of Lender and the Borrowers.

12. The Lender submits the attached information setting forth Mr. Weiner's credentials. As evidenced by Mr. Weiner's declaration attached hereto as **Exhibit 2**, Mr. Weiner has extensive experience managing distressed enterprises similar to the Facilities at issue in this case and is willing to serve as receiver in this matter.

WHEREFORE, premises considered, the Lender respectfully requests this Court enter an order, substantially in the form attached to this motion as **Exhibit 1**, providing for the appointment of Mr. Weiner as receiver over the Facilities. The Lender requests such other and further relief as this court deems just and appropriate.

Respectfully submitted,

**BRADLEY ARANT BOULT CUMMINGS LLP**

BY: /s/ N. Christian Glenos
**N. Christian Glenos**
Texas Bar No. 24113073
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
cglenos@bradley.com

**OF COUNSEL:**

**Joshua Lesser**
State Bar No. 24116663
JPMorgan Chase Tower
600 Travis Street, Suite 5600
Houston, Texas 77002
Telephone: (713) 576-0300
Facsimile: (713) 576-0301
jlesser@bradley.com

**ATTORNEYS FOR CADENCE BANK**

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with Amy C. Moss of Chamberlain, Hrdlicka, White, Williams & Aughtry, P.C, counsel for the Independent Texas Recyclers, LLC, and Matthew B. Probus of The Probus Law Firm, counsel for TRITgen, LLC regarding the relief sought in this motion. The Defendants do not oppose this Motion and the relief requested herein.


    /s/ N. Christian Glenos
          OF COUNSEL


## CERTIFICATE OF SERVICE

I certify that on this 10th day of April, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been served on all parties' counsel of record as follows.

    Matthew B. Probus
    THE PROBUS LAW FIRM
    10497 Town and Country Way, Suite 930
    Houston, Texas 77024
    matthewprobus@theprobuslawfirm.com

    Jarrod B. Martin
    Amy C. Moss
    Chamberlain, Hrdlicka, White, Williams & Aughtry, P.C.
    Two Allen Center
    1200 Smith Street, Suite 1400
    Houston, Texas 77002
    Jarod.martin@chamberlainlaw.com
    Amy.moss@chamberlainlaw.com


    /s/ N Christian Glenos
          OF COUNSEL