UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CADENCE BANK,** | § § § | |
| *Plaintiff*, | § § § | |
| V. | § § | Civil Action No.: 4:24-cv-01266 |
| **TRITGEN, LLC and INDEPENDENT TEXAS RECYCLERS, LLC,** | § § § § § | |
| *Defendants*. | § | |

**RECEIVER'S *EX PARTE* MOTION TO (I) WAIVE PUBLICATION REQUIREMENTS; (II) SHORTEN THE SUBMISSION AND OBJECTION PERIOD; AND (III) IF APPROPRIATE, SET A HEARING ON THE <u>SECOND</u> SALE MOTION**

Alan Weiner of Focus Management Group (the "Receiver"), by and through undersigned counsel, hereby submits this motion (the "Motion") seeking entry of an order: (i) excusing the Receiver from the publication requirements of 28 U.S.C. § 2002; (ii) shortening the Second Sale Motion submission and response dates from 21-days to 14-days; and (iii) in the event of any timely-filed objections to the Second Sale Motion, and only to the extent the Court deems it is necessary, setting a hearing within seven (7) days after the submission date or as soon as the Court's schedule will allow.

This Motion is being filed on an *ex parte* basis, as it seeks immediate relief.

In support of this Motion, the Receiver respectfully would show as follows:

**RELEVANT BACKGROUND**

The Receiver was appointed on April 15, 2024, as receiver over the business and assets of Defendant Independent Texas Recyclers, LLC ("ITR"), at the request of Plaintiff Cadence Bank ("Cadence"). Cadence asserts a senior lien interest encumbering all, or virtually all, of the assets of ITR.

1

After his appointment, the Receiver determined that the Receivership Estate could maximize returns to creditors through a going concern sale. Accordingly, and consistent with his authority under the Receivership Order,[1] the Receiver underwent an exhaustive effort to market the ITR business to prospective buyers. The Receiver's efforts are described in the declaration supporting the Second Sale Motion, and are incorporated here by this express reference.

The Receiver's efforts resulted in the negotiation of an Asset Purchase Agreement (the "Initial APA") with a proposed purchaser (the "First Purchaser"), which the Court approved. However, the transaction between the Receiver and the First Purchaser failed to materialized and terminated.

The Receiver discontinued business operations, and initiated the process to liquidate and wind down the Receivership Estate; but continued to explore sale opportunities. The Receiver ultimately negotiated a replacement Asset Purchase Agreement (the "Second APA") with a new proposed purchaser (the "Second Purchaser"), which is subject to the Court's authorization and approval. Concurrently with the filing of this Motion, the Receiver is filing a motion (the "Second Sale Motion") seeking such authorization and approval. Capitalized terms not otherwise defined in this Motion shall have the meaning given in the Second Sale Motion.

The business operations have discontinued, so the estate is not generating any new revenue – but expenses are ongoing. The Receiver had received funding for expenses of the Receivership from Cadence, but Cadence declined to continue funding the expenses of the Receivership. Accordingly, the Receiver anticipates administrative expenses will be paid either from (i) proceeds of the Second Transaction, which has an Outside Closing Date of March 31, 2025 (unless otherwise extended by the parties); or (ii) in the event the Second Transaction does not close, the non-refundable deposit already paid by the Second Purchaser and the proceeds generated by the liquidation auction of the Receivership Estate assets. The more time it takes to consider the Second Sale Motion, the more administrative expenses are likely to increase. Thus, closing the Second

---

[1] Capitalized terms not defined in this Motion shall have the meaning given in the Second Sale Motion.

Transaction described in the Second APA (or promptly pursuing the liquidation in the event the Second Transaction does not close) is time-sensitive.

I.     **WAIVER OF PUBLICATION REQUIREMENTS**

As set forth in the Second Sale Motion, a Court's authority to authorize and approve a sale of receivership assets free and clear of liens, claims and encumbrances arises from the Court's broad authority over a receivership sitting as a court of equity. *See, e.g.*, *United States v. Durham*, 86 F.3d 70, 72 (5th Cir. 1996) (a district court's authority to impose and administer a receivership originates from its inherent powers as a court of equity); *United States v. Garcia*, 474 F.2d 1202, 1205–06 (5th Cir. 1973) (reviewing the district court's decision in crafting relief in a receivership proceeding under an abuse of discretion standard); *Mellen v. Moline Malleable Iron Works*, 131 U.S. 352, 357 (1889) ("[T]he removal of alleged liens or incumbrances upon property, the closing up of the affairs of insolvent corporations, and the administration and distribution of trust funds are subjects over which courts of equity have general jurisdiction.").

Additionally, federal statute provides a framework for a district court's authority to sell real and personal property. *See* 28 U.S.C. §§ 2001 (applicable to sales of real property), 2004 (applicable to sales of personal property). Among the requirements applicable to the sale of real property, the statute requires publication of a notice of a public sale once each week for at least four (4) weeks prior to the sale. 28 U.S.C. § 2002.

Notwithstanding, courts have exercised discretion to waive certain requirements of 28 U.S.C. §§ 2001, 2002, and 2004 under appropriate circumstances. *See, e.g.*, *Pennant Mgmt., Inc. v. First Farmers Fin., LLC*, No. 14-CV-7581, 2015 WL 5180678, at *7 (N.D. Ill. Sept. 4, 2015) (receiver's sale approved notwithstanding non-compliance with certain sections of 28 U.S.C. § 2001); *United States v. Nipper*, Case No. 11-460, 2015 WL 4664921, at *1 (D.N.M. July 2, 2015) (receiver's sale motion granted explaining that courts have "broad discretion" to apply the terms and conditions of a sale under 28 U.S.C. § 2001); *Munoz Bermudez v. Indus. Siderurgica, Inc.*, 672 F.Supp. 57, 60 (D.P.R. 1987) (excusing strict compliance with 28 U.S.C. § 2002 in connection with sale of judgment debtor's real estate); *Fed. Trade Comm'n v. Consumer Def., LLC*, No. 2:18-

3

cv-30JCM (PAL), 2019 WL 266287, at *4 (D. Nev. Jan. 18, 2019) (excusing private sale appraisal requirement under 28 U.S.C. § 2001(b) in connection with a sale of personal property under 28 U.S.C. § 2004).

The Receiver requests that this Court waive, to the extent applicable, the requirement of publication described in 28 U.S.C. § 2002. The Second Transaction consists almost entirely of non-real estate interests. The only real estate interest involved in the Second Transaction is the assumption of a single leasehold interest in real estate (the Irvington Facility – the Gasmer Facility and the Jensen Facility are not included among assumed interests under the Second Transaction). Requiring compliance with the publication requirement based on a lease assumption only serves to delay the closing. Accordingly, requiring compliance with the publication requirement applicable to real estate sales does not serve any legitimate purpose, and thus the Receiver should be excused.

## II. SHORTENING OF THE SUBMISSION AND RESPONSE DATES, AND PROVISIONAL SETTING OF A HEARING WITHIN 7 DAYS THEREAFTER

Further, given the fragile nature of the proposed Second Transaction, the rapidly-approaching Outside Closing Date of March 31, 2025, and of the financial condition of the Receivership Estate, the Receiver asks that the Court expedite its standard objection period. Under the normal course, responses to the Second Sale Motion would be due by the submission date, or 21 days after filing of the Second Sale Motion. *See* LR 7.3, 7.4(A). But this Court's Local Rule 8.7 allows this Court,

> in its discretion, on its own motion or upon application, entertain and decide any motion, shorten or extend time periods, and request or permit additional authority or supporting material.

The Receiver requests that the Court shorten the response period to, and set the submission date at, fourteen (14) days after the filing of the Second Sale Motion. This is an appropriate exercise of the Court's discretion. The Second Transaction seeks only to impair the lien rights of Cadence, who consents to the sale. Despite the Receiver's best efforts, the Second Transaction will not generate

4

sufficient sale proceeds to pay even the Cadence secured claim in full, let alone any other unsecured estate creditor. Accordingly, any other lienholder is in a junior lien position to Cadence, and because the gross sale price is less than the full claim amount asserted by Cadence, all other junior lienholders are "out of the money." The Receivership Estate does not generate any revenue to continue supporting expenses of the receivership. Thus, a shortened objection period provides sufficient due process to anyone asserting an objection to the Second Sale Motion without unnecessarily delaying the closing of the Second Transaction.

Further, to the extent there are timely-filed objections and the Court determines it is appropriate to conduct a hearing (which the Court may or may not require per Local Rule 7.5.A), the Receiver asks that this Court set a hearing on the Second Sale Motion for no later than seven (7) days after the objection deadline, or as soon thereafter as the Court's schedule will allow. This will permit the Receiver and parties in interest to promptly present their arguments to the Court and for the Court to determine whether the Receiver has satisfied its burden of proving the Second Transaction is in the best interests of the Receivership Estate and is a proper exercise of the Receiver's business judgment.

Notably, the Second Sale Motion does not seek to distribute any sale proceeds, except for (i) customary closing expenses; (ii) payment of the Court-approved liquidator's fees, assuming the Second Transaction closes and no liquidation auction will proceed; and (iii) in the event of a higher and better bid by another purchaser that actually closes, refunding the deposit to the Second Purchaser as per Section 12 of the Second APA. Rather, the Receiver is seeking to close on the Second Transaction *first*, and address distribution in connection with a final report and request for discharge. Accordingly, and with the specific exception of the foregoing, the Receiver anticipates any objections relating to the distribution of the Second Transaction proceeds can and should be deferred to that time – and not on the shortened notice periods for addressing objections to the Second Transaction itself.

## **RELIEF REQUESTED**

WHEREFORE, the Receiver respectfully requests that the Court enter an order, the proposed form of which accompanies this Motion: (i) excusing the Receiver from the publication requirements of 28 U.S.C. § 2002 if applicable; (ii) shortening the submission and objection period

from 21 to 14 days; and (iii) if the Court deems it appropriate to conduct a hearing, setting a hearing seven (7) days after the submission date, or as soon thereafter as the Court's schedule will allow; and granting such other relief as the Court deems just and proper under the circumstances.

Dated: February 26, 2025

**BRYAN CAVE LEIGHTON PAISNER LLP**

By /s/ *Kyle S. Hirsch*
Kyle S. Hirsch
Texas Bar No. 24117262
Justin D. Hanna
Texas Bar No. 24095726
The Dallas Arts Tower
2200 Ross Avenue, Suite 4200W
Dallas, Texas 75201
Telephone: (214) 721-8000
Facsimile: (214) 721-8100
Email: kyle.hirsch@bclplaw.com
justin.hanna@bclplaw.com

**Attorneys for Receiver Alan Weiner of Focus Management Group**

## **CERTIFICATE OF SERVICE**

      I certify that on February 26, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

      I further certify that a true and correct copy of the foregoing has been served on all parties' counsel of record as follows.

      Josh Lesser
      jlesser@bradley.com
      N. Christian Glenos
      cglenos@bradley.com
      **Counsel to Cadence Bank**

      Matthew B. Probus
      matthewprobus@theprobuslawfirm.com
      **Counsel to Steve Ragiel and TRITgen, LLC**

In addition, a copy of the foregoing has been provided to the following:

      James Phillips
      jphillips@bakerlaw.com
      **Counsel to NOLA Transportation, Inc. and**
      **NOLA Construction & Development Group, LLC**

      Kit F. Pettit
      kpettit@bernsteinlaw.com
      **Counsel to Bluyello LLC**

      Robert Richards
      Clay Taylor
      robert.richards@dentons.com
      clay.taylor@dentons.com
      **Counsel to Closed Loop Fund LP**

      Jeff Carruth
      jcarruth@wkpz.com
      **Counsel to the Gasmer Lease lessor**

      Robert Kruckemeyer
      bob@kruckemeyerlaw.com
      Michael Kruckemeyer
      mike@kruckemeyerlaw.com
      **Counsel to Amegy Bank**

Jarrod B. Martin
Amy C. Moss
Jarod.martin@chamberlainlaw.com
Amy.moss@chamberlainlaw.com
**Former Counsel to Independent Texas Recyclers, LLC**

        */s/ Lisa Remus*